762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, APPELLEE,
v.
EDWIN NEAL, DEFENDANT-APPELLANT.
 NO. 84-5780
 United States Court of Appeals, Sixth Circuit.
 3/22/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: MERRITT and MILBURN, Circuit Judges; GILMORE, District Judge.*
 Per Curiam.
 
 
 1
 Defendant-appellant Edwin A. Neal appeals from the judgment entered pursuant to a jury conviction for wire fraud in violation of 18 U.S.C. Sec. 1343. The defendant argues that the evidence is not sufficient to support his conviction.
 
 
 2
 The rules governing our inquiry were succinctly stated in United States v. Gibson, 675 F.2d 825 (6th Cir.), cert. denied, 459 U.S. 972 (1982):
 
 
 3
 In deciding whether evidence is sufficient to withstand a motion for an acquittal, we must view the evidence and all reasonable inferences in the light most favorable to the government.
 
 
 4
 . . .. If the evidence is such that we conclude that a reasonable mind might fairly find guilt beyond a reasonable doubt, the issue is one for the jury. If we conclude that a reasonable doubt is raised, we must reverse a denial of an acquittal motion. . . .. We cannot weigh the evidence or judge credibility independently in deciding whether the District Court erred in submitting the case to the jury.
 
 
 5
 Id. at 829 (citations omitted).
 
 
 6
 The defendant was convicted of a violation of 18 U.S.C. Sec. 1343, which provides as follows:
 
 
 7
 Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both.
 
 
 8
 In order to obtain a conviction under section 1343, the government must show (1) a scheme, (2) the use of interstate communications, and (3) intent. United States v. Bradford, 571 F.2d 1351, 1354 (5th Cir.), cert. denied, 437 U.S. 908 (1978).
 
 
 9
 Viewed in the light most favorable to the government, the evidence showed the following. In June of 1981, the defendant advised Ronald McNeil and Antonio Iacobucci of Priority Coal Company that if they would put up ten thousand dollars ($10,000), he could invest in a butter commodities transaction and double their money in a very short time. McNeil and Iacobucci gave the defendant the money, which was transferred to him by wire from Massachusetts to Tennessee and then to Kentucky. The ten thousand dollars ($10,000) was deposited in an account in the name of Universal, Incorporated, whose sole incorporator was the defendant. At the time the account showed a balance of $118.65. The government introduced various checks written on this account whose only signatory was the defendant: two checks totaling $1,300.00 to an employee of Universal and one check for $1,500.00 for payment of the defendant's personal telephone bill.
 
 
 10
 The defendant gave McNeil and Iacobucci a check for twenty thousand dollars ($20,000) within a week, but the check was uncollectible. McNeil and Iacobucci attempted to inquire about the investment, but the defendant had instructed an employee to put them off with a variety of excuses. When Mr. McNeil was finally able to speak with the defendant personally, the defendant gave him a check for ten thousand dollars ($10,000), which was also uncollectible. McNeil and Iacobucci never recovered their money.
 
 
 11
 The defendant produced evidence tending to show that he placed several telephone calls in an attempt to consummate the deal. The defendant took the stand, denied any wrongdoing and testified that all parties knew the venture was speculative.
 
 
 12
 Viewing these facts and all reasonable inferences in the light most favorable to the government, there is sufficient evidence upon which a reasonable mind might find guilt beyond a reasonable doubt. The evidence is clear as to the existence of a scheme and the use of an interstate communication. As to intent, the evidence showed that the defendant (1) used the investment for purposes unrelated to the butter transaction, (2) instructed an employee to put off McNeil and Iacobucci, (3) wrote two uncollectible checks, and (4) never repaid the original investment much less the promised profit. These facts are sufficient for a reasonable mind to conclude beyond a reasonable doubt that the defendant acted with the intent to defraud. Such intent may be inferred from the facts and circumstances surrounding the transaction. United States v. McCracken, 581 F.2d 719, 722 (8th Cir. 1978).
 
 
 13
 The defendant strenuously denies the assertion by the government that the ten thousand dollars ($10,000) in question was misappropriated by the defendant for his own personal use. The defendant argues that the evidence shows that the money was paid out for expenses of Universal and Priority Coal. However, the defendant received the funds for the express purpose of investment in the purported butter commodities transaction. Conversion of money to one's own use is not an essential element of the crime. United States v. Bagdasian, 291 F.2d 163 (4th Cir.), cert. denied, 368 U.S. 834 (1961). Such evidence, however, tends to show that defendant misappropriated the funds, thus supporting the inference that defendant acted with the intent to defraud.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation